KAREN P. HEWITT
United States Attorney

TOM STAHL, CBN 78291
Assistant United States Attorney
880 Front Street, Room 6293
San Diego, California 92101


LAUREN CASTALDI
ADAM R. SMART
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C.  20044-0683
Telephone:    (202) 514-9668
              (202) 307-6422
Facsimile:    (202) 307-0054
E-mail:       lauren.m.castaldi@usdoj.gov
              adam.r.smart@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEEDS LP,<br><br>           Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>           Defendant. | Civil No. 08-cv-0100-BTM-BLM<br><br>UNITED STATES' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT IF ITS MOTION TO STRIKE WITNESSES AND EXHIBITS<br><br>Date:      March 22, 2010<br>Time       3:30 p.m.<br>Location:  Courtroom 15 |

In accordance with Local Rule 37 the undersigned counsel for the parties met and conferred by telephone on December 4, 2009 to discuss their disagreements regarding the Plaintiff's disclosure of certain witnesses and documents in its pre-trial disclosures and the United States' present motion. (Smart Decl. ¶ 3).  The parties were unable to resolve their differences in that conference. Wherefore the United States moves under Fed. R. Civ. P. 26(g) and 37(c) for an order precluding Plaintiff from calling witnesses it failed to properly disclose and from introducing exhibits it failed to properly disclose.

## STANDARD AND BURDEN OF PROOF

"Initial disclosures must be made pursuant to Rule 26(a)(1), including those individuals likely to have discoverable information. Further, initial disclosures and discovery responses must be supplemented if the party subsequently acquires additional responsive information or discovers its prior disclosures or responses were incomplete or incorrect." *Neville v. Value City Det. Stores*, LLC, 2008 WL 2796659, at *2 (S.D. Ill. July 28, 2008) (striking witness who Plaintiff failed to identify in its Rule 26(a) disclosures or in response to interrogatories requesting individuals with knowledge, and whom plaintiff attempted to block defendant from deposing even when Defendant sought to depose the witness). Moreover, with respect to expert witnesses,

> Federal Rule of Civil Procedure 26(a)(2)(B) requires the parties to disclose the identity of each expert witness "accompanied by a written report prepared and signed by the witness." Absent other direction from the court, a rebuttal report shall be filed "within 30 days after the disclosure" of the evidence that the expert is assigned to rebut. Fed. R. Civ. P. 26(a)(2)(C). Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed.

*Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001); *see also Luke v. Family Care & Urgent Medical Clinics*, 323 Fed. Appx. 496, 498 (9th Cir. 2009) ("A party must submit its expert witness disclosures "at the times and in the sequence that the court orders." Fed.R.Civ.P. 26(a)(2)(C)."). While no showing of bad faith or wilfulness is necessary for exclusion of a witness for failing to comply with Fed. R. Civ. P. 26, "[t]wo express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the parties' failure to disclose the required information is substantially justified or harmless. Fed.R.Civ.P. 37(c)(1)." *Id.*; *Nelson v. City & County of San Francisco*, 123 Fed. Appx. 817, 819 (9th Cir. 2005). The burden is on the party seeking to introduce the evidence that the failure to disclose is substantially justified or harmless. *Yeti by Molly, Ltd.*, 259 F.3d at 1106.

Courts have found various circumstances, including depriving a party the opportunity to depose a witness, interference with a court's schedule, and engaging in behavior that would require a reopening of discovery to all justify exclusion of evidence under Fed. R. Civ. P. Rule 37. *See Nelson*, 123 Fed. Appx. 817; *Harris v. United States*, 132 Fed. Appx. 183 (9th Cir. 2005) (noting that review of expert report is

not a sufficient substitution for the opportunity to depose an expert); *Drnek v. Variable Annuity Life Ins. Co.*, 261 Fed. Appx. 50 (9th Cir. 2007); *Jarritos, Inc. v. Reyes*, 2009 WL 2487066, at *1 (9th Cir. Aug. 14, 2009) (Slip copy) ("'[d]isruption to the schedule of the court and other parties is not harmless,' even if, as here, 'the ultimate trial date was still some months away.'") (quoting *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2005)).  Courts have also found confusion over deadlines, failure to fully investigate a case, and assertion that a trial counsel prejudiced his client by failing to disclose as insufficient to justify use of the witnesses.  *See Drnek*, 261 Fed. Appx. 50 (9th Cir. 2007); *Kempf v. Barrett Business Services, Inc.*, 2009 WL 1975439, at *2 (9th Cir. June 22, 2009) (Slip Copy).

**I.  Plaintiff Failed to Properly Disclose Witnesses it Now Seeks to Offer at Trial in Violation of Federal Rules of Civil Procedure 16 and 26(a), Local Rule 16.1 and this Court's Scheduling Order and Those Witnesses Should not Be Permitted to Testify**

**A.  Experts Cavanaugh and Sullivan**

On August 19, 2008, this Court entered a Scheduling Order in this case, setting, among other things, deadlines for disclosure of witnesses who will be proffered to provide testimony coming under Federal Rule of Evidence 702.[1]  (Dkt. 24)  Plaintiff timely served the United States with the identity of three expert witnesses that it expected to call at trial: George Mason Turner, Robert A. Taylor, and Steven Roach.  (EX A).  On May 4, 2009, Plaintiff served Defendant with a copy of an expert report for Mr. Turner.  (Castaldi Decl. ¶ 2)  Other than these disclosures, Plaintiff made no other disclosure of individuals that it would seek to proffer testimony under Federal Rules of Evidence 702 prior to the passing of the deadlines in this Court's Scheduling Order or otherwise prior to the close of discovery. (Castaldi Decl. ¶ 3)  Nevertheless, on November 17, 2009, Plaintiff filed and served Defendant with a copy of its Memo of Contentions of Fact and Law, which contained an Exhibit list identifying for the first time Pete Cavanaugh and Julie Sullivan as expert witnesses that Plaintiff intends to call at trial. (Dkt. 52)  Plaintiff explained in that filing that Mr. Cavanaugh and Ms. Sullivan were to provide

---

[1] The Court's Case Management Order emphasized with respect to expert disclosures: "Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence." (Dkt. 24)

Memorandum in Support of Motion to Strike        - 3 -                    Civil No. 08-cv-0100-BTM-BLM

1  testimony concerning an appraisal that Mr. Cavanaugh conducted in 1995 and Ms. Sullivan's confirming
2  appraisal review thereof. (*Id.*) Plaintiff's blatant disregard of the discovery deadlines set by this Court's
3  scheduling order justify exclusion of Mr. Cavanaugh and Ms. Sullivan form trial.

4  Expert disclosure requirements and deadlines are designed to provide opposing parties with fair
5  and adequate notice of testimony to be offered at trial so that opposing parties can prepare responses,
6  locate rebuttal experts to testify and conduct discovery regarding the opinions to be offered. The
7  Plaintiff's untimely disclosures deprives the United States of a fair opportunity to prepare for testimony
8  that the Plaintiff seeks to offer through Mr. Cavanaugh and Mr. Sullivan. Inasmuch as the deadline for a
9  proper disclosure was March 9, 2009, and inasmuch as the deadline for expert discovery was June 12,
10 2009 (*See* Dkt. 31), Plaintiff cannot now seek to introduce new expert witnesses long after the close of
11 discovery and during the midst of preparation for trial. By failing to follow the agreed upon expert
12 schedule, Plaintiff has deprived the United States of the opportunity to properly prepare and respond to
13 Plaintiff's newly listed expert witnesses - i.e. such as retaining a rebuttal expert, and have the rebuttal
14 expert properly prepare for trial, and by depriving the United States of the opportunity to fully explore
15 the opinions of the newly listed witnesses through deposition or other discovery means.

16 During the conference between counsel for the parties discussing this issue, Plaintiff asserted that
17 the United States for the first time raised the issue of inadequate consideration under the nominee theory
18 late in discovery, and therefore Plaintiff purportedly did not have sufficient time to identify Mr.
19 Cavanaugh and Ms. Sullivan. However there are several flaws with this rationale. First, the case law on
20 nominee law clearly identifies inadequate consideration as a factor that the courts examine. *See*, *e.g.*,
21 *United States v. Bell*, 27 F. Supp. 2d 1191, 1195 (E.D. Cal. 1998). From the beginning of this case
22 Plaintiff was well aware that Defendant was pursuing its nominee theory, and thereby bringing all of the
23 relevant factors concerning that theory into play. (Dkt. 19, p. 3) Second, Plaintiff's own expert
24 disclosures on March 9, 2009, identified Steven Roach as a person who may provide expert testimony
25 with respect to the value of the McCall Street property. (EX A) However, when the time came on May
26 4, 2009 for exchange of expert reports, Plaintiff chose not to submit a report from Mr. Roach, thereby
27 forfeiting its right to call an expert on this topic, and leading the United States to believe that it would not

28

need to prepare to respond to expert testimony on this subject matter.  Finally, Plaintiff's contention that the United States only explicitly raised the inadequate consideration factor late in discovery is patently false.[2]  In the United States' initial response to Plaintiff's First Set of Interrogatories, served March 11, 2009, the United States identified the inadequacy of consideration for the transfer of the property as a basis for its contention that Leeds was the nominee of Don and Susanne Ballantyne.  (EX B, Inter. Resp. 2).  In short, Plaintiff knew of this potential issue in the case long before the close of discovery and should not now at this late stage be permitted to raise new expert witnesses.  *See Transamerica Life Ins. Co. v. Lincoln National Life Ins. Co.*, 255 F.R.D. 645, 656 (N.D. Iowa 2009) ("Transamerica's belated efforts to get new issues into the case through the "back door" by belatedly designating as a witness someone Transamerica certainly should have recognized it was required to disclose pursuant to Rule 26 and Lincoln's pertinent interrogatory.  Indeed, the court finds that Transamerica's belated designation of Mr. Blankenship as a witness smacks of 'sandbagging.'").

**B.     G. William Dunster**

On July 15, 2008, this Court entered an Order in this case, setting, among other things, the deadline for each party's initial disclosures under Federal Rule of Civil procedure 26(a) on August 15, 2008. (Dkt. 21)  Accordingly on August 15, 2008 Plaintiff served Defendant with the identity and contact information of five witnesses that it "presently believes are likely to have discoverable information that the Plaintiff may use to support its claims or defenses".  (EX C)  William Dunster was not on that list.  (*See id.*)  Plaintiff did not serve any additional or amended initial disclosures naming any additional fact witnesses upon whom it may rely in this case.  (Castaldi Decl. ¶ 4).  Nevertheless, on November 17, 2009, Plaintiff filed and served Defendant with a copy of its Pre-Trial Memorandum of Contentions of Fact and Law, which contained an Exhibit list identifying G. William Dunster as a fact witness hat Plaintiff intends to call at trial.  (Dkt. 52)  Plaintiff appears to have made a calculated decision not to identify Mr. Dunster as a person on whom it would rely throughout discovery.  For

---

[2]Even if Plaintiff is correct that it only realized a claim of inadequate consideration was part of the case shortly before the close of discovery it does not explain why Plaintiff neglected to raise the potential new expert witnesses for over five months nor does it explain a failure to request a reopening of discovery or extension of the expert deadlines.

1  example, in its response to Defendant's First Set of interrogatories Plaintiff identified "persons
2  knowledgeable about [Leeds/Fourth's] ownership of all real property owned and controlled by
3  [Leeds/Fourth] at anytime from 1995 through 2000. (EX D, Inter. 2.c) Plaintiff did not identify William
4  Dunster.  Further, in those same interrogatories Defendant asked that Plaintiff identify all individuals
5  with knowledge concerning the facts upon which Leeds and Fourth base their denial that they are the
6  nominee of Susanne Ballantyne. Again, Plaintiff did not identify Mr. Dunster. (EX D, Inter. 5) Plaintiff
7  has not amended any of these responses since signing them (through Clark Ballantyne, who was well
8  aware of Mr. Dunster's role with respect to the entities involved in this case) under penalty of perjury on
9  April 27, 2009. (Castaldi Decl. ¶ 5)

10  While it is true that the United States had knowledge of Mr. Dunster's role as trustee of the Clark
11  Lindsay Ballantyne Trust and the Laura Ballantyne Warner Trust from documents produced in discovery
12  and from deposition testimony, that should not change the result. After identifying Mr. Dunster through
13  a review of Plaintiff's documents, Defendant attempted to schedule the deposition of Mr. Dunster with
14  counsel for Plaintiff. (Castaldi Decl.¶ 7) In response, counsel for Plaintiff explained that Mr. Dunster
15  was gravely ill, and practically on his deathbed, and asserted that seeking to take his deposition would be
16  inhumane.[3] (Id. at ¶ 8) Defendant explained that any attempt to depose Mr. Dunster would be
17  vigorously opposed in light of these circumstances. (*Id.* at ¶ 9) Further, when the United States issued a
18  30(b)(6) deposition to the Clark Lindsay Ballantyne Trust and Laura Ballantyne Warner Trust, Charles
19  Christopher, the present trustee of the two trusts, was the sole designated witness for the trusts, despite
20  the fact that he had only been the trustee since replacing Mr. Dunster in 2006. (*Id.* at ¶ 10)

21  Plaintiff now seeks to call a witness that it failed to list in its initial disclosures and that, after
22  Defendant inquired as to his status for a possible deposition, was harshly rebuked by Plaintiff's counsel
23  for seeking to depose him given his status "on death's door" and informed by Plaintiff that any attempt to
24  take his deposition would be vigorously opposed. In short Defendant was given absolutely no indication

---

[3]At the 30(b)(6) deposition of the Clark Lindsay Ballantyne Trust and Laura Ballantyne Warner Trust, Charles Christopher, the designated 30(b)(6) witness and current trustee, whom replaced Mr. Dunster in 2006, confirmed Mr. Dunster's condition, explaining that he had stepped aside as trustee because he was gravely ill. (EX E, p. 9)

Memorandum in Support of Motion to Strike          - 6 -                    Civil No. 08-cv-0100-BTM-BLM

Plaintiff would be relying on Mr. Dunster, and in fact was given the exact opposite impression by Plaintiff's actions.[4] Allowing Plaintiff to now call Mr. Dunster to testify would significantly prejudice Defendant and would be substantially unfair in light of Plaintiff's conduct. *See, e.g.*, *Adler v. Communication Workers of America, Local 7803*, 144 Fed. Appx. 592 (9th Cir. 2005) (striking declarations where the party failed to disclose the declarant under Fed. R. Civ. P. 26); *Neville v. Value City Det. Stores*, LLC, 2008 WL 2796659, at *2 (S.D. Ill. July 28, 2008) (striking witness who Plaintiff failed to identify in its Rule 26(a) disclosures or in response to interrogatories requesting individuals with knowledge, and whom plaintiff attempted to block defendant from deposing even when Defendant sought to depose the witness).

## II. Plaintiff Failed to Timely Produce Documents it Now Seeks to Introduce as Exhibits at Trial and Those Exhibits Should Be Excluded under Fed. R. Civ. P. 37.

On December 1, 2009 Plaintiff produced to the United States several exhibits that were included on its trial list of exhibits. Those exhibits had not previously been produced to the United States. Moreover, Plaintiff had at least some of these exhibits prior to the close of discovery, but nevertheless chose not to produce them until the eve of the pre-trial conference, long after discovery had closed. Moreover, some of the documents listed on Plaintiff's trial list of exhibits have never been produced to the United States. Because of Plaintiff's complete disregard of the requirements under Fed. R. Civ. P. 26(e) to timely supplement its initial disclosures and its responses to Requests for Production served under Fed. R. Civ. P. 34, those documents should be stricken under Fed. R. Civ. P. Rule 37. Specifically the United States is challenging Plaintiff's attempted use of the following exhibits: 1) two declarations of William Dunster, dated June 9, 2009 (Trial Exs. 3070-3071 (erroneously listed as 3072)); 2) photographs of the real property located at 3207 McCall Street, San Diego, CA (Trial Exs. 1054-1080 & 4035-4047)[5], 3) photograph of real property located at 1280 Fourth Ave., San Diego, CA (Trial Exs. 4048-4057)[6]; 4) a

---

[4] All the while, as discussed *infra*, Plaintiff obtained declarations form Mr. Dunster prior to the close of discovery, that it only now disclosed and is attempting to use.

[5] Plaintiff's disclosure of these photographs was also done in violation of Local Rule 16.1.f.4.c. because they do not include the required legend. Plaintiff has never produced the photographs identified as Trial Exhibits 4035-4047.

[6] Plaintiff has never produced these photographs.

1  spreadsheet purporting to represent costs of remodeling to the McCall Street property (Trial Ex. 1053);
2  and 5) a title report for the McCall Street Property (Trial Ex. 1127).[7] Plaintiff obviously intends to rely
3  on the documents and therefore was under an obligation to produce them under Fed. R. Civ. P. 26.
4  Moreover, all of the documents would have been responsive to at least the United States' Request for
5  Production of Documents Number 1, which asked for "all documents subject to disclosure pursuant to
6  Rule 26(a)(1) of the Federal Rules of Civil Procedure not already produced to the United States."
7  Furthermore, in the case of the Dunster declarations, those documents were responsive to the United
8  States' Request for Production of Documents Numbers 9 (which sought "all documents relating to, or
9  referring to, property ownership by Plaintiff.") and 12 (which sought "All documents relating to, any
10 ownership or membership interest in the Susan C. Ballantyne Trust in Plaintiff, Rhodes Investment Corp.
11 And/or Hemet C L.P."). (*See* EX D)  In addition, in the case of the McCall Street Property photographs,
12 spreadsheet and title report, those documents were responsive to the United States' Request for
13 Production of Documents numbers 17 (which sought "All canceled checks, ledgers, journals or other
14 documents relating to, or referring to, any improvements made to the subject property") and 18 (which
15 sought "All cancelled checks, ledgers, journals or other documents relating to, or referring to, any
16 utilities or invoices related to the subject property). (*See* EX D)  Plaintiff's delinquent disclosure
17 deprived the United States of the opportunity to inquire into the meaning of the documents with
18 witnesses during depositions or to propound follow-up discovery, such as requests for further
19 photographs, inspection of the property, or other communications with Mr. Dunster.  In short if Plaintiff
20 is allowed to present this evidence now, the United States will have been deprived of the opportunity to
21 probe this evidence during discovery to determine, for example, whether the evidence presents merely a
22 one sided view, is incomplete, or whether there are other problems with the evidence Plaintiff now seeks
23 to introduce.  These types of issues are the very reason for the discovery mechanisms provided under the
24 Rules of Civil Procedure.  Plaintiff cannot now after such a significant delay now attempt to blind side
25 the United States with evidence long after discovery has closed; to do so would significantly prejudice
26 the United States and cannot be deemed harmless.

---

[7] Plaintiff has never produced this title report.

Memorandum in Support of Motion to Strike            - 8 -                    Civil No. 08-cv-0100-BTM-BLM

WHEREFORE, the United States respectfully requests an order excluding Messrs. Dunster and Cavanaugh, and Ms. Sullivan as witnesses at trial, and prohibiting Plaintiff from introducing at trial the photographs (Trial Exs. 1054-1080 & 4035-4057)), spreadsheet (Trial Ex. 1053), declarations (Trial Exs. 3070-3071 (erroneously listed as 3072)), and title report (Trial Ex. 1127) it produced or listed and failed to produce in conjunction with its pretrial exhibit list.

DATED this 4th day of January, 2010.

        Respectfully submitted,

        KAREN P. HEWITT
        United States Attorney

        TOM STAHL
        Assistant United States Attorney

        /s/ Adam R. Smart
        LAUREN CASTALDI
        ADAM R. SMART
        Trial Attorneys, Tax Division
        United States Department of Justice

        Attorneys for the United States

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 4th day of January, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following: Edward C Walton. ewalton@kayerose.com; Andre M Picciurro apicciurro@kayerose.com; and I hereby certify that I have mailed by U.S. Postal Service the foregoing to the following non CM/ECF participants: none.

        /s/ Adam R. Smart
ADAM R. SMART
Trial Attorney, Tax Division
U.S. Department of Justice