# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEEDS LP, | Case No. 08cv100 BTM (BLM) |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE WITNESSES AND EXHIBITS** |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

Defendant United States of America moves to strike certain witnesses and exhibits belatedly disclosed by Plaintiff [Doc. 57].  For the following reasons, the Court **GRANTS in part** and **DENIES in part** the motion.

## I.  BACKGROUND

This is a quiet title suit challenging tax liens placed on Plaintiff's property by the United States.  Defendant's motion before the Court seeks to exclude two witnesses from testifying at trial, declarations from a now-deceased witness,[1] and several exhibits.  The United States claims that Plaintiff failed to timely disclose these witnesses and exhibits.  Plaintiff argues that its failure was harmless or substantially justified.

---

[1]  G. William Dunster, died during the briefing of this motion.  The United States originally moved to prevent him from testifying at trial.  That portion of its motion is moot.  But the United States also opposes introduction of two declarations Dunster made.  The Court therefore only addresses the two declarations.

## II. LEGAL STANDARD

A party must disclose documents and the identity of witnesses likely to have discoverable information that the party may use to support its claims.  Fed. R. Civ. P. 26(a)(1)(A)(i)–(ii).  This is a continuing duty, and the disclosure must be supplemented if the party later learns of additional witnesses or responsive information.  *See* Fed. R. Civ. P. 26(e); *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008).  A party must also disclose the identity of each expert witness and their written reports at the time and in the sequence that the court orders.  Fed. R. Civ. P. 26(a)(2)(A)–(C); *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).

Failure to make the required disclosures has its consequences.  "Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information . . . that is not properly disclosed."  *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).  Courts have "particularly wide latitude" to issue sanctions under Rule 37(c)(1) because it is a "self-executing, *automatic* sanction to provide a strong inducement for disclosure of material."  *Id.* (quoting Fed. R. Civ. P. 37 advisory committee's note (1993)) (emphasis added and internal quotation marks omitted).  The automatic sanction will not be applied if the failure to disclose was either substantially justified or harmless.  *Yeti*, 259 F.3d at 1106; Fed. R. Civ. P. 37(c)(1).  "[T]he burden is on the party facing sanctions to prove harmlessness [or justification]."  *Yeti*, 259 F.3d at 1107.

## III. DISCUSSION

Plaintiff concedes that their required disclosures were late.  So the only issue before the Court is whether Plaintiff has met its burden of proving substantial justification or harmlessness.  The Court evaluates each belatedly disclosed witness and exhibit below.

### 1.    Expert Witness Disclosures

The magistrate judge set a deadline of March 30, 2009 for all Rule 26(a)(2) expert disclosures.  Although Plaintiff timely disclosed the identities of some experts, it was not until

08cv100 BTM (BLM)

1   November 17, 2009 that Plaintiff disclosed that it intended to use Pete Cavanagh and Julie

2   Sullivan[2] as expert witnesses.  This was the first time Plaintiff disclosed them as experts in

3   the case.  They would testify about a property appraisal from March 1996.

4          Plaintiff must establish that its late disclosure of these experts was either harmless or

5   substantially justified in order to avoid their exclusion.  *See Yeti*, 259 F.3d at 1106.  The

6   Court finds that there is some harm to the United States caused by Plaintiffs' failure.  It must

7   now depose those experts and may have to designate a rebuttal expert of its own.

8   Nevertheless, the United States had the appraisal report since April 29, 2009.  Both Ms.

9   Sullivan and Mr. Cavanagh signed the report, so the United States knew their identities and

10  that they would have to testify to give a foundation for the appraisal report.  And the Court

11  can remedy the harm without pushing back the trial date.  So although there has been some

12  harm, the Court declines to exclude Ms. Sullivan and Mr. Cavanagh.

13         Plaintiff must produce the expert reports of Ms. Sullivan and Mr. Cavanagh within

14  twenty-one days of the filing of this order.  Plaintiff must make them available for depositions

15  within forty-five days of the filing of this order.  The United States, if it chooses to do so, may

16  designate a rebuttal expert and file an expert report within thirty days of deposing Plaintiffs'

17  experts.  Due to time constraints, Plaintiff may not depose the United States's rebuttal expert.

18         This order is without prejudice to the United States seeking alternative sanctions.  The

19  United States only sought the sanction of exclusion.

20  //

21  //

22  //

23  //

24  //

25  **2.     Declarations of G. William Dunster**

26  _____

27         [2]  There is some confusion regarding these two experts' names.  Plaintiff refers to
    them as Julie Sullivan and Pete Cavanaugh in its November 17, 2009 Pretrial Memorandum
28  of Contentions of Facts and Law, but switches their last names in the opposition to the
    present motion, calling them Julie Cavanaugh and Pete Sullivan.  The Court will use the
    names from the Memorandum.

1    Plaintiff disclosed that it intended to call Mr. Dunster as a fact witness on November
2    17, 2009, over a year after the deadline for initial disclosure of fact witnesses.  Mr. Dunster
3    died while the parties briefed this motion, and Plaintiff now seeks to introduce two of his
4    declarations at trial.  Plaintiff again does not dispute the late disclosure, and can only
5    introduce the evidence if it establishes harmlessness or substantial justification.  *See Yeti*,
6    259 F.3d at 1106.

7    Plaintiff fails to show, and barely even addresses, harmlessness or substantial
8    justification.  Instead, Plaintiff focuses on the United States's conduct during discovery.
9    Plaintiff also cites *United States v. Bachsian*, 4 F.3d 796, 799 (9th Cir. 1993) to support its
10   argument that because Plaintiff included the declarations as trial exhibits, the United States
11   had notice of them and could not be surprised.  That case, however, does not address
12   automatic Rule 37(c) exclusions.  *See id.*  It only addresses the residual hearsay exception.
13   The United States would be harmed by allowing these declarations because it cannot depose
14   Mr. Dunster.  Although the United States asked to depose Mr. Dunster during discovery, it
15   appears Plaintiff led the United States to believe that Mr. Dunster was too ill to be deposed
16   and also would not be used as a witness at trial.  Plaintiff gives no justification for its failure
17   to identify Mr. Dunster as a witness or to timely disclose the declarations when they were
18   made.  And Plaintiff cannot now use his declarations after disclosing them after the deadline
19   and denying the United States an opportunity to depose him.

20   But even if Plaintiff could establish harmlessness or justification, the declarations
21   would still be inadmissible.  Plaintiff claims they are admissible under Federal Rule of
22   Evidence 807, the residual hearsay exception.  But one of the exception's elements is that
23   the "evidence must have circumstantial guarantees of trustworthiness."  *Bachsian*, 4 F.3d at
24   798.  Here, the evidence lacks any guarantee of trustworthiness.

25   Documents prepared for purposes of litigation lack the guarantee of trustworthiness
26   that Rule 807 requires.  *See Wilander v. McDermott Int'l, Inc.*, 887 F.2d 88, 91–92 (5th Cir.
27   1989) (residual exception did not apply because statement prepared in anticipation of
28   litigation and was later contradicted by witness).  Mr. Dunster signed these declarations in

4

the course of this litigation to help prepare Plaintiff's Rule 30(b)(6) witness for a deposition. Moreover, he was "[f]or many years . . . a close personal friend of Don and Susanne Ballantyne."  (Dunster Decl. re McCall St. & Fourth Ave. Properties ¶ 2.)  The Ballantynes are the people that owed the IRS money and the reason why the IRS placed a lien on the property at issue here.  Mr. Dunster could therefore have an interest in the outcome of the litigation.   For these reasons, Mr. Dunster's declarations do not have circumstantial guarantees of trustworthiness.

The Court excludes Mr. Dunter's declarations under Rule 37(c), and also finds that they would not qualify under the residual hearsay exception.

**3.     Other Trial Exhibits**

The United States also moves to exclude four trial exhibits based on their late disclosure: (1) photographs of real property located at 3207 McCall Street, San Diego, CA (Trial Exs. 1054–1080, 4035–4047) ; (2) photographs of real property located at 1280 Fourth Ave., San Diego, CA (Trial Exs. 4048–4057); (3) a spreadsheet summarizing costs of remodeling the McCall Street property; and (4) a title report for the McCall Street property. Again, Plaintiff does not dispute late disclosure, and must therefore show harmlessness or substantial justification.

A.     Photographs

When the United States filed its reply brief, Plaintiff still had not produced several of the photographs to the United States.  Plaintiff only listed them in its pre-trial disclosures. Plaintiff provides no justification for its failure to disclose and produce these photographs in a timely manner.

Plaintiff does, however, argue that its failure is harmless.  Plaintiff focuses on the United States's failure to take its own photographs during discovery.  But that is largely irrelevant to whether Plaintiff's failure to disclose was harmless.  Nevertheless, the Court finds that the late disclosure of the photographs is relatively harmless because the United

States may now take its own photographs if it wishes to do so.  If upon taking its photographs, the United States discovers changed circumstances or other grounds for showing harm, it may renew its motion to strike on this ground.

Plaintiff must make the McCall Street and Fourth Ave. properties available for photographing within thirty days of the filing of this order.

### B.    Spreadsheet of Remodeling Costs

Plaintiff intends to have Clark Ballantyne testify about the costs of remodeling the McCall Street property.  To support his testimony, Plaintiff has created a spreadsheet of those costs, which summarizes the receipts and other documents associated with the remodel. Plaintiff disclosed neither the underlying documents nor the spreadsheet on time. Plaintiff does not explain why it failed to timely disclose the documents, but argues that its failure is harmless because it will allow the United States to review the underlying documents.

The Court finds that Plaintiff's failure was not harmless.  Although the United States deposed Clark Ballantyne, it did not have the opportunity to ask him, or anyone else, questions about the documents comprising the spreadsheet.  The United States therefore cannot adequately probe the accuracy of the spreadsheet.  Plaintiff has failed to establish harmlessness.

### C.    Title Report for McCall Street Property

Plaintiff seeks to introduce at trial a title report for the McCall Street property which was not timely disclosed.  In fact, when the parties briefed this motion, Plaintiff had not yet obtained it.  Plaintiff makes virtually no effort to show that its untimely disclosure was either harmless or justified.  It merely argues that because the title report will be produced at some point before trial, the United States cannot be surprised or unable to prepare for it.

The Court finds that whether or not the title report is harmful depends on its contents.  It may contain information that the United States would have asked deponents about, or it

08cv100 BTM (BLM)

may not.  And the title report might be harmful in other ways that the parties have not considered because Plaintiff has not produced it.  Plaintiff must produce the title report within thirty days of the filing of this order.  The United States may then renew its motion to strike if it wishes to do so.

## IV.  CONCLUSION

The Court **GRANTS in part** and **DENIES in part** Defendant's motion to strike [Doc. 57].  The Court excludes the two Dunster declarations and the spreadsheet representing remodeling costs.  The Court orders Plaintiff to produce its title report within thirty days of the filing of this order.  Plaintiff must make the McCall Street and Fourth Ave. properties available for photographing within thirty days of the filing of this order.

Plaintiff must also produce the expert reports of Ms. Sullivan and Mr. Cavanagh within twenty-one days of the filing of this order.  Plaintiff must make them available for depositions within forty-five days of the filing of this order.  The United States, if it chooses to do so, shall designate a rebuttal expert and file an expert report within thirty days of deposing Plaintiffs' experts. Due to time constraints, Plaintiff may not depose the United States's rebuttal expert. Lastly, the United States has leave to file a motion for alternative sanctions under Rule 37(c).

**IT IS SO ORDERED.**

DATED:  June 1, 2010

Honorable Barry Ted Moskowitz
United States District Judge

08cv100 BTM (BLM)