KAREN P. HEWITT
United States Attorney

TOM STAHL, CBN 78291
Assistant United States Attorney
880 Front Street, Room 6293
San Diego, California 92101

LAUREN CASTALDI
ADAM R. SMART
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 683, Ben Franklin Station
Washington, D.C.  20044-0683
Telephone:   (202) 514-9668
             (202) 307-6422
Facsimile:   (202) 307-0054
E-mail:      lauren.m.castaldi@usdoj.gov
             adam.r.smart@usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEEDS LP, | Civil No. 08-cv-0100-BTM-BLM |
| Plaintiff, | UNITED STATES' MOTION IN LIMINE TO PRECLUDE GEORGE M. TURNER FROM OFFERING OPINIONS AT TRIAL |
| v. | |
| UNITED STATES OF AMERICA, | Date: July 27, 2010<br>Time: 2:00 p.m. |
| Defendant. | Location: Courtroom 15 |

Defendant, the United States of America, by and through undersigned counsel, moves this Court to preclude Plaintiff's expert witness George M. Turner from offering opinions at trial pursuant to Federal Rule of Evidence 702. The testimony of Plaintiff's expert witness Turner should be excluded because Mr. Turner's opinions embody legal conclusions which are an impermissible subject for expert opinion. In addition, Mr. Turner's opinions are not based on any reliable methodology or principles, instead merely involve subjective determinations and *ipse dixit* assertions. Finally, Mr. Turner's opinions are unhelpful to the trier of fact and are based on incomplete information.

### A.      Mr. Turner's Opinions Constitute Inadmissible Legal Conclusions

This Circuit has long held that expert testimony consisting of legal conclusions is inadmissible. *See*, *e.g.*, *United States v. Scholl*, 166 F.3d 964, 973 (9th Cir. 1999) (holding that testimony that calls for a legal conclusion is inappropriate); *Aguilar v. International Longshoremen's Union Local No. 10*, 966 F.2d 443, 447 (9th Cir. 1992) (holding that expert testimony on matters of law were "inappropriate subjects for expert testimony"); *see also Playboy Enterprises, Inc. v. Terri Welles, Inc.*, 78 F.Supp.2d 1066, 1081 (S.D. Cal. 1999) (Rule "704 was not intended to allow experts to offer opinions embodying legal conclusions.").

Mr. Turner's primary opinion is that the documents comprising the formation and continuation of Plaintiff were legally sufficient and in accordance with the laws of California. *See Reports* (EX A & B) at 7 ("Each entity was drawn up and used consistently with the requirements of the law"). Mr. Turner testified that the scope of his opinions was to "simply looked at these documents and said are they legally sufficient in accordance with the laws as I understand them." *Turner Depo. 4th* (EX C) *& Leeds* (EX D) at 38. He explained that analysis was "Simply [an] examination of the documents to see if they complied with the laws as I understood it. Nothing else." *Turner Depo. Leeds* (EX D) at 52-53. Thus, Mr. Turner's opinion merely constitutes legal conclusions that Plaintiff was formed properly and that the documents concerning these entities were filed properly according to the laws of California. Expert opinions on matters of law "cannot properly assist the trier of fact . . . . This is because the judge's expert knowledge of the law makes any such assistance at best cumulative, and at worst prejudicial." *Nieves-Villanueva v. Soto-Rivera*, 133 F.3d 92, 100 (1st Cir. 1997) (citations omitted). Accordingly, Mr. Turner' testimony is inadmissible and the Court should not permit him to testify.

### B.      Mr. Turner Offers Conclusions That Are Unsupported by Any Analysis

Mr. Turner's testimony should be excluded because it does not rest on proper methodology or analysis. Mr. Turner's opinions are essentially *ipse dixit* assertions that he sees nothing wrong with what

the Ballantynes have done based primarily on his "subjective feel" for what is appropriate. *See Turner Depo. 4th* (EX C) at 58-61.  "[N]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *General Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997); *see also Domingo v. T.K.*, 289 F.3d 600, 607 (9th Cir. 2002). In *Daubert* the Supreme Court explained that scientific knowledge "connotes more than subjective belief . . . ." *Daubert v. Merrill Dow Pharm.*, 509 U.S. 579, 590 (1993).  Mr. Turner's acknowledgment that he relies primarily on his "subjective feel" disqualifies his opinions from the outset.  Mr. Turner has not explained what particular facts support his conclusions or what requirements must be met to reach his conclusions – he has simply asserted that he looked at the relevant documents and did not see anything that would cause him concern based on his subjective views.

**C.      Mr. Turner's Opinions Are Unhelpful and Are Based on Incomplete Information**

Expert testimony should be excluded unless it will "assist the trier of fact to understand the evidence or to determine a fact in issue." *Elsayed Mukhtar v. California State University*, 299 F.3d 1053, 1063 (9th Cir. 2002) (quoting Fed. R. Evid. 702).  Expert testimony that does not relate to any issue in the case "is not relevant and, ergo, non-helpful." *Daubert*, 509 U.S. at 591.  This consideration has been described as one of "fit," i.e. "whether expert testimony proffered in the case is sufficiently tied to the facts of the case that it will aid the [fact finder] in resolving a factual dispute." *Id.* (citation omitted).  Mr. Turner's opinions are unhelpful because they do not assist the Court in understanding the evidence or determining a fact in issue and should be excluded.

The United States has never asserted that the Ballantynes did not file the proper forms when forming Plaintiff - merely that the IRS's tax liens attached to certain real property located at 3207 McCall Street, San Diego ("the subject property"), as a result of Plaintiff being the Ballantynes' nominee at the time the liens

arose. The factors considered under the nominee analysis are,

1. No consideration or inadequate consideration paid by the nominee;
2. Property placed in the name of nominee in anticipation of a suit or occurrence of liabilities while the transferor continues to exercise control over the property;
3. Close relationship between the transferor and the nominee;
4. Failure to record conveyance;
5. Retention of possession by the transferor; and
6. Continued enjoyment by the transferor of benefits of the transferred property.. . .

*Towe Antique Ford Foundation v. I.R.S.*, 791 F.Supp. 1450, 1454 (D. Montana 1992). Whether Plaintiff, to whom legal title of the subject property was transferred, was validly formed or whether the documents creating Plaintiff complied with the legal requirements of California do not bear on this inquiry. Thus, even if it was permissible for Mr. Turner to offer his legal conclusions as expert opinion (which it is not), the limited opinions offered by Mr. Turner are unhelpful to the Court in the context of this case.

Moreover, Mr. Turner chose to offer a sanitized opinion on the legal efficacy of documents detached from all reality of the use of Plaintiff. Mr. Turner disregarded all financial documents of Plaintiff and offered no opinion about the use of any financial documents. *See Reports* fn. 1 (EX A & B). Mr. Turner stated that he had never seen a set of books, a financial statement, a balance sheet, or a P&L statement of Plaintiff. *Turner Depo. 4th* (EX C) *& Leeds* (EX D) at 37-38. One particular line of questioning demonstrates this serious flaw in Mr. Turner's opinions:

Q: . . . [A]re you distinguishing between whether or not the structure and the formation of these companies was legally sufficient versus how they are operated in practice?

A: There is no way I can tell what they are operating in practice because I wasn't there, and if nothing else, the questions I ask that people's memories are very poor and as I read the depositions I wasn't surprised at the number of times they said, 'I don't recall.' I was just glad that wasn't the scope of my engagement of what I had to do.

Q: Just so we are clear, the scope of your engagement does not include how the persons involved in these cases, the family members involved in these two cases actually operated these entities once the formation – once they were formed and the structure was set up?

A: That's correct; that was the limit of my engagement.

Motion in Limine Turner                                     - 4 -                              Civil No. 08-cv-0100-BTM-BLM

*Turner Depo. 4th* (EX C) *& Leeds* (EX D) at 37-39. In other words, none of Mr. Turner's opinions go to the relevant inquiries in this case, e.g., the close relationship between the transferor and the nominee, whether the Ballantynes continued to exercise control over the nominee, and whether the Ballantynes continued to enjoy the benefits of the subject property.[1] Aside from constituting impermissible legal conclusions, whether a trust, a limited partnership, or a corporation is validly formed and has filed the proper documents are opinions that are unhelpful to the trier of fact in the context of the issues present in this case. Thus, Mr. Turner's opinions, limited as they are, should be excluded.

Wherefore, for the foregoing reasons, the United States requests the Court preclude Mr. Turner from offering opinions at trial.

Respectfully submitted,

DATED: July 13, 2010

KAREN P. HEWITT
United States Attorney

TOM STAHL
Assistant United States Attorney

 /s/ Lauren M. Castaldi
LAUREN CASTALDI
ADAM R. SMART
Trial Attorneys, Tax Division
United States Department of Justice

Attorneys for the United States

---

[1] Although at one spot in his report Mr. Turner appears to offer an opinion as to the use of the entities involved in this case (where he states that the entities were "[u]sed consistently with the objectives of the parties involved" (*see Report*s (EX A & B) at 7)), this statement does not refer to the use or operation of the entities at all. Specifically when Mr. Turner was asked about this statement he clarified that he did not actually mean that he examined how the entities were used, just that the appropriate forms and documents were created and filed to form and continue in operation a limited partnership or a trust. *See Turner Depo. 4th* (EX C) at 56. Mr. Turner admitted that he did not discuss the purposes of the entities with the taxpayers and admitted that he had no understanding of what those purposes were. *Id.* at 62. Thus, the above cited opinion in his report is completely unsupported and Mr. Turner should not be allowed to provide any such testimony.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 13th day of July, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following: Edward C Walton. ewalton@kayerose.com; Andre M Picciurro apicciurro@kayerose.com; and I hereby certify that I have mailed by U.S. Postal Service the foregoing to the following non CM/ECF participants: none.

      /s/ Lauren M. Castaldi
LAUREN M. CASTALDI
Trial Attorney, Tax Division
U.S. Department of Justice