**KAYE, ROSE & PARTNERS, LLP**
Edward C. Walton, Esq. (SBN 078490)
André M. Picciurro, Esq. (SBN 239132)
402 W. Broadway, Suite 1300
San Diego, CA 92101
Tel: (619) 232-6555
Fax: (619) 232-6577
ewalton@kayerose.com
apicciurro@kayerose.com

Attorneys for Plaintiff LEEDS LP

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEEDS LP, a California Limited Partnership,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CASE NO. 08cv100-BTM (BLM)<br><br>**PLAINTIFF LEEDS LP'S OBJECTION TO DEFENDANT UNITED STATES OF AMERICA'S REQUEST FOR JUDICIAL NOTICE**<br><br>PRE-TRIAL DATE: July 27, 2010<br>TIME: 2:00 P.M.<br>COURTROOM: 15<br>TRIAL DATE: August 16, 2010 |

Plaintiff LEEDS LP ("LEEDS") hereby submits its objection to Defendant UNITED STATES OF AMERICA's Request for Judicial Notice.

Subject to, and without waiver of, any evidentiary objections (*e.g.*, relevance, undue prejudice, etc.), which plaintiff may assert at trial, LEEDS does not oppose defendant's request that this Court take judicial notice of the fact that Don and Susanne Ballantyne ("the Taxpayers") filed a petition in the United States Tax Court, Case No. 13255-94 (a copy of which was attached to defendant's Request for Judicial Notice). However, it is unclear from defendant's Request for Judicial Notice whether it requests this Court to also take judicial notice of the *contents* of said petition. LEEDS objects, in an abundance of caution and for the sake of clarity, to the extent defendant seeks judicial notice of the contents of the petition.

Defendant seeks judicial notice of the Taxpayers' petition pursuant to Federal Rule of Evidence ("FRE") 201 which governs judicial notice of adjudicative facts. FRE. 201(b) states: "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to

1  sources whose accuracy cannot reasonably be questioned." Although the fact that a petition was filed is subject to judicial notice under such standard, its contents are not. In a case involving a taxpayer challenge to an IRS collection action, the court held it was inappropriate for it to take judicial notice pursuant to FRE 201 of certain facts in a related litigation because such "facts" were not undisputed, but were merely assertions made by parties in that litigation. *Lindley v Comm'r*, TC Memo 2006-229, 92 CCH TCM 363 (T.C. 2006); aff'd in part and vacated in part (on other grounds) by *Keller v. Comm'r*, 568 F.3d 710 (9th Cir. 2009). See also, *United States v S. Cal. Edison Co.*, 300 F.Supp.2d 964 (E.D.Cal. 2004) (holding court can only take judicial notice of existence of those matters of public record, existence of motion or of representations having been made therein, but may not take judicial notice of veracity of arguments and disputed facts contained therein; similarly, court may take judicial notice of existence of certain matters of public record but may not take judicial notice of one party's opinion of how matter of public record should be interpreted); *Britz Fertilizers, Inc. v. Bayer Corp.*, 665 F.Supp.2d 1142, 1176-1177 (E.D.Cal. 2009) (holding that because various declarations, exhibits, and documents filed with the court are public records, "judicial notice of these documents can be taken. However, to the extent that the contents of the documents are disputed, *existence* of the documents is noted. [Emphasis added.]")

Furthermore, it is inappropriate to take judicial notice of facts contained within a document where the moving party fails to identify which facts should be judicially noticed. *Consejo de Desarrollo Economico de Mexicali v United States*, 438 F.Supp.2d 1207 (D.C.Nev 2006), remanded on other grounds 2007 U.S.App. LEXIS 8166 (9th Cir. 2007) (holding when a party requested court to take judicial notice of numerous documents, court took judicial notice of documents' existence pursuant to FRE 201, but it did not take judicial notice of facts contained within documents where moving party did not identify facts appropriate for judicial notice." Here, defendant did not identify any facts within the Taxpayers' petition appropriate for judicial notice, only that such a Petition was filed. Accordingly, this Court should only notice the existence of the Petition, not its contents.

Dated: July 20, 2010                           KAYE, ROSE & PARTNERS, LLP

                                               By   s/André M. Picciurro
                                                    Edward C. Walton
                                                    André M. Picciurro
                                                    Attorneys for Plaintiff LEEDS LP
                                                    E-Mail: apicciurro@kayerose.com