# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEEDS LP,<br><br>　　　　　　　　　Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>　　　　　　　　　Defendant. | Case No. 08CV100 BTM (BLM)<br><br>**ORDER RE MOTIONS *IN LIMINE* TO EXCLUDE EXPERT TESTIMONY AND ERRATA SHEET** |

Defendant has filed motions *in limine* to exclude (1) testimony from Plaintiff's expert witness, George M. Turner and (2) the errata sheet of the deposition of Laura Ballantyne. [Docs. 88, 89]  For the following reasons, the Court **DENIES** both motions.

### I.  MOTION TO EXCLUDE TESTIMONY FROM EXPERT WITNESS

Defendant seeks to exclude testimony from Plaintiff's expert witness, George M. Turner, under Federal Rule of Evidence ("FRE") 702.  Plaintiff has retained Mr. Turner "to provide expert witness testimony on the formation, structure, and use of trusts and limited partnerships in business and family settings."  (Turner Rep. at 2)

In his expert report, Mr. Turner states that generally, use of limited partnerships and trusts "represent[] good business practice" and "are also legitimate and appropriate tools for estate planning purposes."  (*Id.* at 6)  He also opines that the documents used to create the limited partnerships, trusts, and corporations at issue in this case "were well

drafted and in accordance with the expectancy of the states that were involved" and that "[t]here is nothing on the face of the drafting of these documents that anything was inappropriate or illegal." (*Id.* at 7)  Mr. Turner's opinions were limited to the structure of these documents; he did not review the financial documentation involved in the relevant transactions or how the entities were operated after formation. (*see id.* at n. 1; Turner Dep. at 37-39)

Defendant offers three grounds for exclusion of Mr. Turner's opinions pursuant to FRE 702:  (1) they embody impermissible legal conclusions; (2) they are not based on a reliable methodology; and (3) they are unhelpful to the trier of fact.  Because, as set forth below, the Court holds that Mr. Turner's testimony should not be excluded under this rule, it need not address Plaintiff's response that Defendant's motion *in limine* is untimely.

**1. Mr. Turner's Opinions Do Not Constitute Inadmissible Legal Conclusions**

Expert testimony offering legal conclusions is impermissible when it concerns an ultimate issue which will be decided by the fact-finder.  *See United States v. Moran*, 493 F.3d 1002, 1008 (9th Cir. 2007); *Hangarter v. Provident Life and Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004).  This is because "[w]hen an expert undertakes to tell the jury what result to reach, this does not *aid* the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's."  *United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994) (cited by *Mukhtar v. Cal. State Univ.*, 299 F.3d 1053, 1066 n. 10 (9th Cir. 2002)) (emphasis in original).  However, an expert may offer a legal opinion about an issue that is ancillary to the ultimate issue in the case.  *See Hangarter*, 373 F.3d at 1016-1017; *Reiner v. Warren Resort Hotels, Inc.*, No. CV 06-173-M-DWM, 2008 U.S. Dist. LEXIS 102047, at *32-33 (D. Mont. Oct. 1, 2008) (denying a motion *in limine* to exclude expert testimony that pool area design failed to comply with state law in a slip and fall case).

Here, Mr. Turner's testimony concerning legal sufficiency of documents does not

improperly tell the fact-finder what result to reach.[1] Mr. Turner does not offer an opinion about whether Plaintiff is a nominee of the taxpayers–the ultimate matter at issue. Even if–as Mr. Turner asserts–the limited partnerships and trusts were properly formed, "'the [Court] would still have. . . to draw its own inference from that predicate testimony to answer the ultimate factual question'" of whether Plaintiff is a nominee of the taxpayers. *Moran*, 493 F.3d at 1008 (quoting *United States v. Morales*, 108 F.3d 1031, 1037 (9th Cir. 1997)).[2] Accordingly, Mr. Turner's testimony is not inadmissible as a legal conclusion.

**2. Mr. Turner's Opinions Shall Not Be Excluded On Grounds Of Reliability**

Rule 702 allows admission of "scientific, technical, or other specialized knowledge" by a qualified expert if it will "assist the trier of fact to understand the evidence or to determine a fact in issue." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). A trial judge's "gatekeeping role" of ensuring that expert testimony rests on a reliable foundation and is relevant applies to all forms of expert testimony, not just scientific testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999); *White v. Ford Motor Co.*, 312 F.3d 998, 1007 (9th Cir. 2002). The FRE 702 inquiry under *Daubert*, "is a flexible one," *Kumho Tire*, 526 U.S. at 141; trial judges are entitled to broad discretion in determining both whether an expert's non-scientific testimony is reliable and how to measure reliability. *Hangarter*, 373 F.3d at 1017.

Defendant asserts that Mr. Turner's testimony should be excluded because it does

---

[1] Defendant argues that "Mr. Turner's primary opinion is that the documents comprising the formation and continuation of Plaintiff were legally sufficient and in accordance with the laws of California" and "[t]hus, Mr. Turner's opinion merely constitutes legal conclusions." (Def. Mot. at 2)
Although it may be fair to characterize the gravamen of Mr. Turner's report as focused on the legal sufficiency of these documents, Mr. Turner also offers general testimony about the benefit of using limited partnerships and trusts in an estate planning context. This general testimony does not relate to a matter of law and thus will not be excluded as an inadmissible legal conclusion.

[2] As discussed below, the Court will not, at this stage of the proceedings, rule that this evidence bears no relevance to the nominee issue. If Mr. Turner's testimony, or any part of it, is not relevant to the factual issues the fact-finder must decide, Defendant may make a relevance objection at trial.

not rest on proper methodology or analysis. (Def. Mot. at 2) However, as set forth in his report, Mr. Turner has been a licensed California attorney since 1968 during which time he specialized in family estate planning, published seven books pertaining to trust administration and fiduciary responsibilities, and is a regular lecturer on estate planning. An expert's knowledge and experience may support a finding of reliability. *See Hangarter*, 373 F.3d at 1017. Accordingly, the Court agrees with Plaintiff that "[t]his experience qualifies Mr. Turner to offer opinions on common and good business practices in the formation of trusts and estate planning."

**3. Mr. Turner's Opinions Are Potentially Helpful To The Fact-finder**

Expert testimony must be relevant to a fact in issue, and thus helpful to the fact-finder, to be admissible under FRE 702. *Daubert*, 509 U.S. at 591. Defendant, seizing on the fact that Mr. Turner did not offer an opinion about the use of financial documents or the operation of the entities forming Plaintiff, argues that Mr. Turner's opinion about the legal sufficiency of documents creating limited partnerships and trusts bears no relevance to the ultimate issue of whether Plaintiff was the nominee of the taxpayers.

Defendant is correct that the sufficiency of entity-formation documents does not appear to be a *key* factor in courts' nominee analysis. *See, e.g.*, *U.S. v. Beretta*, No. C 07-02930 SI, 2008 WL 4862509, at *7 (N.D. Cal., Nov. 11, 2008); *Towe Antique Ford Found. v. IRS, Dep't of Treasury*, 791 F. Supp. 1450, 1454 (D. Mont. 1992). However, the Court has not yet had an opportunity to determine what specific factors of nominee ownership are applicable in this case. (*see* Order RE Cross-Motions for Summary Judgment, Doc. 98, at 8) Absent a showing that the sufficiency of entity-formation documents is not a factor to be considered in the nominee analysis, the Court denies defendant's motion *in limine* to exclude Mr. Turner's testimony on the ground that it would not be helpful.[3] This holding is not with prejudice to Defendant challenging Mr. Turner's

---

[3] As noted above, Mr. Turner's testimony about the legal sufficiency of entity-formation documents will not be excluded at this time on the ground that it would not be helpful. However, Mr. Turner's general testimony about the use of limited partnerships and

1 testimony, or any part of it, on grounds of relevance at trial.

## II. MOTION TO EXCLUDE LAURA BALLANTYNE'S DEPOSITION ERRATA SHEET

Laura Ballantyne, Don and Susanne Ballantyne's daughter, was deposed on May 14, 2009. The parties agreed at the deposition that any changes to the deposition would be provided to opposing counsel within two weeks of the changes being made. Thus, Ms. Ballantyne's errata sheet was due by July 15, 2009. (Def. Mot. at 1-2; *c.f.* Fed. R. Civ. P. 30(e) (providing deponent 30 days after transcript is made available to make changes in form or substance)) As a result of inadvertence, the errata sheet was not provided to Defendant until May 5, 2010. (Pl. Reply at 1) Defendant argues that it is significantly prejudiced by this delay because changes on the errata sheet "are substantive and substantial."[4] (Def. Mot. at 2) Defendant moves to preclude Plaintiff from presenting the errata sheet under Fed. R. Civ. P. 37(c) and argues that Plaintiff cannot offer Ms. Ballantyne's errata sheet as a hearsay exception under FRE 804. The Court addresses each argument in turn.

### 1. Exclusion Is Not A Proper Remedy For The Delay In Providing Ms. Ballantyne's Errata Sheet

District courts are provided with "wide latitude" to issue sanctions under Rule 37(c). *Yeti by Molly, Ltd.* v. *Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). The rule provides that a court may exclude the information that a party failed to provide, but also allows the court to "impose other appropriate sanctions." Defendant argues that

---

trusts as "good business practice" appears to be more relevant. Such testimony potentially could be used to rebut an assertion that the property was "placed in the name of the nominee in anticipation of a suit or occurrence of liabilities"–a factor raised by Defendant as pertinent to the nominee analysis.

[4] For example, Defendant points to a portion of Ms. Ballantyne's deposition where she testified that she was not familiar with Ocean Business Services. (pg 19, ln 25) In her errata sheet, she changes her answer to "[y]es, it does accounting services." Similarly, Ms. Ballantyne was asked if she was familiar with an entity called Fourth Investment, Limited Partnership, and answered "no." (pg 18, ln 12) The errata sheet changes this answer to "yes."

here, exclusion is the only proper remedy because "there is no way to cure the prejudice faced by the United States." (Def. Mot. at 4)

The Court does not agree that such an extreme sanction is warranted in this case.[5] Defendant's chief complaint is that it had no opportunity to question Ms. Ballantyne regarding the changes to her deposition testimony. However, at oral argument, Plaintiff offered to make Ms. Ballantyne available to testify in person at trial. Moreover, because, as set forth below, the errata sheet may not be offered as a hearsay exception under FRE 804(b)(1), Defendant's concern that changes in the errata sheet will be introduced for their truth without being subject to cross examination will not come to fruition. Accordingly, the Court **DENIES** Defendant's motion to exclude Ms. Ballantyne's errata sheet under Rule 37(c). As rightly conceded by Plaintiff, errata changes to Ms. Ballantyne's deposition may "go towards the weight this Court affords her testimony." (Pl. Rep. at 2)

**2. Plaintiff May Not Offer Ms. Ballantyne's Errata Sheet As A Hearsay Exception Under FRE 804**

Although Ms. Ballantyne's errata sheet will not be barred under Rule 37(c), the Court agrees with Defendant that it may not be offered at trial for the truth of the matter asserted under FRE 804(b)(1). Defendant argues that Plaintiff has not demonstrated that Ms. Ballantyne is "unavailable" under FRE 804(a). In its reply, Plaintiff does not contest this argument and at oral argument, suggested that the witness could be made available to testify.

---

[5] The case Defendant relies on to argue that exclusion is proper, *Yeti*, 259 F.3d 1101, involves facts that are more prejudicial than what Defendant faces. In *Yeti*, an expert report was provided to the opposing party two and a half years after it was due–one month before they were to litigate a complex case. *Id.* at 1106-07. The *Yeti* court cited the burden of having to depose the expert and prepare to question him at trial in concluding that the district court did not abuse its discretion in excluding this testimony. *Id.* at 1107.
In contrast, untimely receipt of errata changes to a deposition–even if "substantive and substantial," as Defendant asserts–are not nearly as burdensome as receipt of an entire expert report on the eve of trial. Ms. Ballantyne has already been deposed and the government may question her about any inconsistencies in her errata declaration at trial.

1    Moreover, under FRE 804(b)(1), former testimony is not admissible as a hearsay
2  exception unless Defendant "had an opportunity. . . to develop the testimony. . . by cross
3  examination."  The Government had no such opportunity to question Ms. Ballantyne
4  regarding changes to her deposition testimony.  Thus, because Plaintiff does not contest
5  that Ms. Ballantyne can be made available and alternatively, because Ms. Ballantyne's
6  errata declaration was not subject to cross examination, Plaintiff will not be able to
7  introduce the errata sheet under this hearsay exception.  *See United States v. United*
8  *Techs. Corp.*, No. 3:99-cv-093, 2004 U.S. Dist. LEXIS 31011, at *6 (S.D. Ohio Oct. 11,
9  2004) (holding Rule 804(b)(1) inapplicable where party sought to introduce an untimely
10  errata declaration because the errata declaration "was never subject to examination by
11  the government").

### III.  CONCLUSION

14  The Court **DENIES** Defendant's motion *in limine* to exclude testimony from
15  Plaintiff's expert witness, George M. Turner.  Defendant may, however, raise appropriate
16  relevance objections to Mr. Turner's testimony at trial.

17  The Court **DENIES** Defendant's motion *in limine* to exclude the errata sheet of the
18  deposition of Laura Ballantyne under Rule 37(c).  The Court reaches this conclusion, in
19  part, because of Plaintiff's representation that Ms. Ballantyne can be made available to
20  testify in person at trial.  The Court further holds that Ms. Ballantyne's errata declaration
21  may not be offered as a hearsay exception under FRE 804(b)(1).

**IT IS SO ORDERED.**

DATED:  October 5, 2010

_____
Honorable Barry Ted Moskowitz
United States District Judge