# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEEDS LP, a California Limited Partnership,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 08cv100-BTM (BLM)<br><br>**ORDER RE MOTION TO EXCLUDE EVIDENCE SUPPORTING PLAINTIFF'S FORECLOSURE PROFFER** |

Plaintiff makes a motion *in limine* to exclude evidence supporting Defendant's proffer regarding a foreclosure sale by New Horizon Lighting. This motion is **DENIED**.

The evidence supporting Defendant's proffer is relevant to the taxpayers' intent in transferring their interests in the McCall and Fourth properties and to whether they continued to exercise control over the property after transfer.

Exclusion of this evidence would be inappropriate under Fed. R. Civ. P. 37(c). The United States' Second Supplemental Response to Plaintiff's contention interrogatory states, "The purported consideration paid to the Susanne C. Ballantyne Trust for its 99.1 percent interest in [Leeds and Fourth] was illusory and ultimately unrealized by the Susanne C. Ballantyne Trust or Susanne Ballantyne." (Castaldi Decl. ¶ 2) Amongst other support for this statement, Defendant provides deposition transcript citations referencing the New Horizon foreclosure. This response was sufficient to put Plaintiff on notice that Defendant could seek to use the evidence contained in Defendant's proffer, and thus, the Court holds that

Defendant's second supplemental response was not deficient under Fed. R. Civ. P. 37. *See Lucero v. Valdez*, 240 F.R.D. 591, 594 (D.N.M. 2007) ("Contention interrogatories should not require a party to provide the equivalent of a narrative account of its case, including every evidentiary fact, details of testimony of supporting witnesses, and the contents of supporting documents."); *Tubbs v. Sacramento County Jail*, 2008 WL 863974, *1 (E.D. Cal. 2008) ("[P]laintiff is not required to present his entire case in discovery responses.").[1]  For these reasons, Defendant may produce evidence supporting its proffer at trial.

**IT IS SO ORDERED.**

DATED: January 21, 2011

*[signature]*

Honorable Barry Ted Moskowitz
United States District Judge

---

[1] In further support of this conclusion, the Court notes that Plaintiff's own exhibit list filed on November 17, 2009 includes documents that have no other importance except as they pertain to the foreclosure by New Horizon lighting, such as the Notice of Private Sale of Collateral on Behalf of New Horizon Lighting (Pl Exh. 135, Trial Exh. 3086). [Dock. # 52-1, pg 45]  Plaintiff's claim of surprise and prejudice is unfounded.